Our first case up this afternoon is 419-0143, Western Illinois University v. IERB and University Professionals. For the appellant is Roy Davis, your HR. And for the appellee is Ann Mescaleras. And Melissa Auerbach. And each of you will be arguing. Is that correct? Yes. Okay. As you see, there are only two of us. And I want to explain that our third colleague, Justice Connick, will not be able to be here, but he will be a participant. And he will listen to the recording of the oral arguments and participate fully in the resolution of this case. Unfortunately, he won't be here, but be sure to... That's not an amplifier, but it is a recording device, so you want to be sure to speak to it so that your words will be recorded for him to hear. So with that, then, Mr. Davis, you may proceed. Thank you. Thank you. May it please the court. Counsel. Counsel. I'm Roy Davis, and with me today and with me on the brief is my law partner, Abby J. Clark. And I have the privilege of representing Western Illinois University. Whether or not the university complied with the July 6, 2017, award of arbitrator Frederick Dichter was an issue exclusively within the primary jurisdiction of the Illinois Educational Labor Relations Board. Section 14A.8 of the Act, that is the Illinois Educational Labor Relations Act, gives the Board exclusive primary jurisdiction to determine whether an educational employer has complied with the terms of an arbitration award. The Illinois Supreme Court affirmed that principle in two cases, Compton and Warren, that were cited by the parties in their briefs. But in this case, the Illinois Educational Labor Relations Board chose to ignore not only the Act, but the Supreme Court's rulings in Compton and Warren. The Board held that an arbitrator has the authority to determine whether an educational employer has complied with the terms of an arbitration award. That decision is contrary to the statute and the Supreme Court's holdings in Compton and Warren. For that reason and for the other reasons cited in our briefs, the Court should deny enforcement of the order, reverse the Board's decision, and remand the issue to the Board with direction to fulfill its statutory responsibility. Your Honors, I know the Court has read the briefs and is fully familiar with the arguments in this case. I see no reason to rehash those arguments before you, and while I would be pleased to answer any questions you have, I really have nothing to add beyond what is already in my brief. When you presented this argument to the Board, what did they have to say about it? The Board held that there are two unfair labor practices here, just to give you a little bit of background. One that was filed after the July 6th Dictor Award, and then Dictor held a second hearing where he then said, I have the jurisdiction to decide whether or not you complied. He held that we did not. The University refused to comply with that award, and there was a second unfair labor practice charge. With respect to the first unfair labor practice, well, we should start with the second one in terms of order. With respect to the second unfair labor practice award, the Board held the jurisdiction to decide whether or not he could comply or whether or not the award was complied with lies with Dictor, not with the Ed Board, and therefore we're going to affirm Dictor's decision that you did not comply with the first award. Did either the University or the Union dispute the content or the meaning of Dictor's award? Not the content or the meaning of the award. What was disputed was solely in the first case, did we comply with the July 6, 2017 award, and in the second case, did he have the authority to make the second award holding that he did not comply with the first one. Did any party request that their clarifier correct the award? There was no request for clarification. There is a huge e-mail stream in the record as well as my comments at the opening of the second hearing where we were basically kicking and screaming into that room saying you don't have the authority to do this, this is for the Labor Board to decide. How was Dictor chosen? Was this something which the parties agreed to or is it by contract they had agreed to? I'm sorry, you're on. The contract provides that the arbitrator is selected by the parties through the American Arbitration Association. And so that's how he was selected then? It is how he was selected. What does the contract say about arbitration? It says, consistent with the Act, that any dispute between the parties as to the meaning, application, or interpretation of the contract must be submitted to arbitration because the Act requires mandatory arbitration of all contract disputes. The collective bargaining agreement, if I understand correctly, defines the authority of the arbitrator as, in part, his authority shall be confined solely to the application and or interpretation of the agreement of the precise issues submitted to arbitration? The precise issue, yes. And you maintain that? Swear he exceeded that? He exceeded his contractual authority in addition to ignoring his obligations under the statute and under the Supreme Court. I just wanted to make sure I understood what you're arguing. That's what it is, Your Honor. Okay, well, thank you, Counsel. I appreciate your pointing all that out. We'll run again to proceed to... Who will be going first? Ms. Auerbach? Okay. May it please the Court, I'm Melissa Auerbach, attorney for the Respondent University Professionals of Illinois, Local 4100. The Board in this case properly determined that the University failed to comply with binding arbitration awards. In doing so, the Board correctly accepted the arbitrator's factual findings, looked at the issues before the arbitrator, and looked at the contract provisions. So the Board made no independent judgment of its own, did it? No. So, Your Honor, in one of the cases cited in my brief, but not in Eden's brief, but this quote isn't in the brief, in the CUNA Mutual Insurance Society case, which was affirmed by the district court decision, affirmed by the Seventh Circuit, the court found, quote, in determining whether the arbitrator's decision exceeded the scope of the issues submitted, a court gives great deference to the arbitrator's understanding of the parameters of the issue presented for arbitration, close quote. Well, how about the English language? It says the arbitrator has no authority to determine any other issue. That's from the collective bargaining agreement. How does that mean that the arbitrator can then determine compliance? The arbitrator found, and it's in one of the e-mail exchanges, that the issues raised under his retained remedy jurisdiction was not a new issue, but was part of the What is this retained remedy jurisdiction? What's that all about? And what are its scopes? The scope, I should say. So, Your Honor, the Educational Labor Relations Act, in providing that the Board has jurisdiction to determine whether parties fail to comply with the binding arbitration award, gives the Board the same function that's carried out by the circuit courts with respect to awards issued under the companion statute, the Public Labor Relations Act, which adopts the Uniform Arbitration Act, and also by federal courts with respect to private sector labor arbitrations. There's an abundance of precedent, which is cited in the Board's decision, also in the Board's and the unit's briefs, from Pennsylvania, on which the statute is patterned, and federal courts, and an Illinois commercial arbitration decision, finding that arbitrators have the authority to retain jurisdiction to resolve disputes over the remedies they have ordered as part of their authority to resolve the issues submitted to them. Isn't that inconsistent with the contract in this case? No. No, it's not. I mean, there's the... Well, I'm just reading it here. Arbitration shall be confined solely to the application and or interpretation of this agreement, the precise issue submitted to arbitration. Right. The contract... And then it says, in case... And as a former legislative draftsman, I kind of like this language, because in case you might have missed it the first time, the next sentence says, the arbitrator shall have no authority to determine any other issue, like compliance, it seems to me. That's what that says. So I don't know what the contracts say in Pennsylvania or the federal statute, but isn't compliance another issue? No, Your Honor. First of all, the contract also adopts, in Article VI, Section 6.12b3, the contract says, except as modified by the provisions of this agreement, arbitration proceedings shall be conducted in accordance with the rules and procedures of the American Arbitration Association. And the labor arbitration rules of the American Arbitration Association adopted in the contract at the relevant time provided, quote, the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence... Stop pausing right there. I know, I think precision of language is important. Arbitrator can decide whether this is an arbitrable issue, I suppose that's what that means. How does compliance come into... The arbitrator has decided, here's how this case should be resolved, and the claim is the university complied. How does compliance fall, even assuming that general language applies, how does compliance come within it? Your Honor, the issue is implementation of the remedies ordered by the arbitrator. He ordered, in this case particularly, I mean, there were actually, there were ten grievance. He ordered remedies for seven of them for various contract violations, and the supplemental hearing involved four of the grievance. He ordered remedies. He found that the remedies had not been implemented. Is that different from compliance? It's different than the board's task of compliance with an award, Your Honor, yes. No, I didn't ask it. I'm just asking as a matter of our mother tongue, the English language, is implementation different from compliance? Well, it's implementing the remedies, and the issue is that... Isn't the question, did the university comply with the arbitrator's decision? With his first, did they properly implement the remedies in the first decision? Did they comply with the arbitrator's decision? I mean, yes, in some extent, but the issue... No, no. It seems to me that's the entire extent of the question. Well, it's not... I don't know what this implementation stuff is unless it says that they implement his decision and thereby comply with it. The problem, Your Honor, is that it involves issues of contract interpretation to decide whether the award, the remedies he ordered were implemented, and that's why in, for instance, the Seventh Circuit... Well, wait, wait, that's... What contract is involved in that? It seems to me that's not a correct statement, what this case is about. The arbitrator made his decision. The university's supposed to comply with it. Who decides whether they complied with it? Isn't that what, then, the next step? They say we did. The union says they didn't, so the question is who decides whether they complied with the arbitrator's award. In this instance, the arbitrator, because he retained jurisdiction over the implementation of his remedies, is part of the original issue submitted to him. Retained jurisdiction over the implementation of his remedies. Right. So that means he's able to... Assuming those... Whatever those words mean, they mean that he's able to determine whether the university complied. Whether they complied with the remedies he ordered in the initial, which involve issues of contract interpretation. Well, I don't... You know, again, I... It seems to me whether they complied or not is the issue, and I don't understand how retaining jurisdiction covers that. Now, I can understand... Remember the questions I asked Mr. Davis. Was there any need to clarify what the arbitrator said? I could see retaining jurisdiction to clarify that. Was there any disagreement over, for instance, some scriveners there? I mean, I'm in the opinion business, and we come up with typos, we've mislabeled someone, and occasionally, hopefully rarely, the parties say you've mischaracterized something, and they're right, and we'll go back and correct an opinion. So to that extent, it seems to me the arbitrator always retains jurisdiction to correct scriveners' errors or to clarify what the order said. But this is... Not only is this not a clarification, this is something which requires evidence beyond that which was originally presented to the arbitrator. Isn't that correct? That's correct, Your Honor. The reason that arbitrators routinely retain jurisdiction, and as the cases we cited say it's very routine, is because it may be difficult to foresee all disputes that may arise in the implementation of the remedies, and it would... Well, pausing right there. Why is the Board, forget about incapable, why aren't they entirely able to, since that's the Board's in that business, to say, okay, we'll resolve this dispute? The reason, Your Honor, is that it would go against the strong policy of the Labor Act in favor of settlement of disputes of the terms of the collective bargaining agreements through arbitration. It involves then having the Board instead of arbitrators interpret the contract. The only reason is this entirely circular argument. The university settled the dispute through arbitration. The question is that they comply with it. And you're saying, well, that's, you know, the arbitration requires compliance, but that's just because you say so. There's no part of this contract that seems to include it. It's a very standard language, as in other cases where arbitrators have retained jurisdiction. It's really a procedural issue for the arbitrator of whether to foresee all possible disputes under remedy in his initial award, or say, as he did here and as almost all arbitrators do, I'll retain jurisdiction in case there is a dispute. Well, as Mr. Davis pointed out prior to this case, it's always been the Board and the circuit court that decide a question of whether compliance has occurred. Isn't that correct? No, Your Honor. It's not correct because under the circuit court, the arbitrator is still retaining jurisdiction. The same as the federal court. Perhaps I wasn't clear in my question. Are there any Illinois cases where an arbitration has occurred and the question of compliance arose, was compliance achieved, where in deciding the compliance question, it was decided by someone, an agency, other than the Board or a circuit court? There are no reported labor cases in Illinois. The Board, in its decision, cited a commercial arbitration case in which an arbitrator retained jurisdiction. There are no reported cases where it has arisen and gone to the circuit court level. Arbitrators are retaining jurisdiction in cases under the Public Labor Relations Act, but there have been no cases litigated. Thank you, Ms. Oliver. I'll keep time up. Thank you. Ms. Mascaleras? You represent the Board? Good afternoon. May it please the Court, Assistant Attorney General Ann Mascaleras for the responded Illinois Educational Labor Relations Board. Is there any reason why the Board is unable to resolve the question of compliance? The issue here lies between the duties and roles of the arbitrator versus the duties and roles of the Board. And I think that when we use the word compliance to refer to what each one is doing, both the Board and the arbitrator have separate duties and roles, and that's the linchpin of deciding this case. Now, how about the question I asked? Is there any reason why the Board can't be called upon to decide compliance in this case? So the Board does decide compliance in terms of whether the employer refused to comply with the provisions of a binding arbitration award, which is the Section 1488 charge. What the Board does, though, is in its role in enforcing an arbitration award. But that's the Board's role in deciding this unfair labor practice charge. So it doesn't take evidence or make an independent determination. It just relies upon what the arbitrator said about compliance. That's with regard to the first award here. Now, the Board's authority coexists with the arbitrator's authority. The Board's authority during unfair labor practice proceedings determines whether the Board has refused to comply with the binding arbitration award. Regarding the supplemental arbitration award, that's whether it was binding. In order to ultimately enforce or confirm its validity, to order compliance with the arbitration award, to give the arbitration award some teeth, because an arbitrator has no power to implement or enforce his own arbitration award. That's what the Board does under the ADD Act. So if I understand correctly, what the University is asking in this case is for the Board to exercise its independent judgment de novo to receive whatever evidence they wish to present to point out that they were in compliance. If the Board decides otherwise, so be it. But as opposed to being simply a rubber stamp for accepting what the arbitrator says. So that's going to the compliance of the University for the original arbitration award, not the supplemental arbitration award. It's true the Board followed the arbitrator's findings of fact and didn't consider matters beyond the arbitrator's finding and that was appropriate procedure. Nothing requires the Board to conduct de novo evidentiary proceedings on compliance with the arbitration award. The Board may follow the arbitrator's findings on fact and may base its unfair labor practice decision on the record before the arbitrator, while properly disregarding evidence presented during the administrative hearing. Here, I think it's important to note that during the administrative hearing, the Board-level administrative hearing, on whether the University complied with the original arbitration award and whether it violated the act in failing to do so, is that the University attempted to present testimony of a witness who it refused to produce during the supplemental arbitration hearing pursuant to a subpoena, and it tried to present different or additional testimony from other witnesses who had testified regarding the implementation of the award during the proceedings before the arbitrator. So it's trying to get in different evidence, additional evidence that it could have, should have presented before the arbitrator, and that's why the Board would lie... Well, but it's criticizing the University for not presenting evidence to the arbitrator when they don't believe the arbitrator had the authority to be resolving the compliance issue. Isn't that a circular argument? In fact, if the arbitrator has no authority to decide the compliance issue, then the University is correct, are they not? Well, the authority... I'm sorry. The arbitrator does have authority to decide the... Based upon what? I asked Ms. Auerbach that. What is your theory on where the arbitrator's authority comes from to decide compliance? The arbitrator's issuance of the supplemental award is proper for two reasons. Wait, wait, wait, wait. See, I really, as I mentioned earlier, precision of language is really important. This isn't a supplemental award. The arbitrator completed his arbitration. This is new matter, new facts, new issues to decide did the University comply with the arbitrator's decision. A supplemental award suggests this is part of the original arbitration. Doesn't that? First of all, it's well established in the case law that an arbitrator... How about answering my question? Doesn't supplemental award suggest that it's part of the original arbitration? It's part of the original arbitration. As a matter of language. Pursuant to the contract? No. The English language. If we're talking about the arbitrator-made award, then you're saying, well, this was a supplemental award. Then that strikes me as you're saying that this is like part of the original arbitration matter. But it wasn't. It is part of the original arbitration matter. That was all done and that was over. Now it's a question of compliance is different from the original arbitration matter, isn't it? It does not involve a new issue because the parties... How about this? Is compliance different from the original arbitration matter? The original arbitration matter is was there a violation of the contract? Is that a yes or a no, counsel? It's the same thing because it continues because only the arbitrator and not the labor board can determine what the remedy is for a contract violation. If there is no compliance with a remedy that the arbitrator ordered, that's a contract violation that then has to be remedied by the arbitrator, something the labor board can't do. Parties bargain for all matters to be decided by the arbitrator relative to the contract violation, and it's for the arbitrator to make an award to fully settle the dispute. The labor board cannot determine what the remedy should be if there's no compliance with the arbitrator's award. The only thing the labor board does is determine whether an award was valid, enforceable, order enforcement so it becomes judicially enforceable. The arbitrator takes care of all contract violations, remedies for it. It's a separate contract violation if there's noncompliance with a remedy ordered by the arbitrator, which then deserves another remedy as the arbitrator laid out here. I asked Ms. Auerbach the same question I'll ask you. Am I correct that there has been no determination in Illinois prior to this case where an arbitrator has determined compliance with the arbitration award and all prior instances has been either the board or a circuit court? Let me just clarify your question. Do you mean where an arbitrator has issued another award? No. I mean, on the question, because I draw a distinction, compliance as being a separate matter. Okay. Is my understanding correct that on determining compliance with an arbitrator's award in the past, it's always been done either by the board or by a circuit court? Correct. In Illinois, I don't believe there's a reported case confirming that. So this would be the first time? I believe so. But again, it goes back to... What accounts for that? If this is such a well-settled matter, as you and Ms. Auerbach seem to suggest. Well, it's well-settled in sister states and at the federal level and in labor commentators, but it goes to this issue of what is compliance and the distinct roles between the labor board and the arbitrator. How is it that the prior issues were all decided by the board or a circuit court, if it's so well-set? That was for enforcement of an arbitration award. This is not a question of enforcement? That's what the labor board decided in determining the two unfair labor practice charges and determining that the second arbitration award was binding. It enforced the award, but it couldn't order a remedy for the university not complying with the remedies ordered in the first arbitration award. Let me ask you about Section 612B, the contract collective bargaining agreement. The arbitrator shall neither add to, subtract from, modify, or alter the terms of the provisions of this agreement. Arbitration shall be confined solely to the application and interpretation of this agreement and the precise issues submitted to the arbitration. I'm particularly impressed by this language because it doesn't say arbitration shall be confined to the application and interpretation of this agreement and the issues submitted. It says confined solely. And it says the precise issues, which suggests to me that they really meant it, which is a way of saying we're not looking for or permitting an expansive reading. Wouldn't you agree with that? To the extent the plain language of the contract, that that's the plain language of the contract, the board's view is that... No, no, that's... See, I asked the specific question. Wouldn't you agree that the interpretation or the inclusion of these modifiers make it less likely for a liberal interpretation? For... Precise issues confined solely? Which included the matter here. You see, that's not the question I asked, Counsel. Let me go back and ask it again. Would you agree that the inclusion of these modifiers is an indication that the contract language is not to be liberally construed, it's to be narrowly construed? It should just be construed by its plain language. So you can't answer my question? It should be construed by its plain language... What about the second... The next sentence goes on, the arbitrator shall have no authority to determine any other issues. Correct. Doesn't that also bespeak of a narrow interpretation of this? I think it's just the plain language, Your Honor, and whether there was a contract violation and what the remedy should be were the issues submitted to the arbitrator, which he had to finally resolve on the grievance and issue a complete remedy. Okay, thank you, Counsel. Your time is up. Thank you. Mr. Davis, do you have any rebuttals, sir? Your Honor, again, I'd be pleased to answer any questions, but I really don't have anything to give you beyond what you have. Okay, well, thank you. We'll take this matter under my approval to the recess of tomorrow.